[630 NYS2d 561]

In the Matter of RONALD R. LASKORSKI (Admitted as RONALD RICHARD LASKORSKI), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 21, 1995

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Forrest Strauss* of counsel), for petitioner.

*Lawrence J. Sheehan,* Scarsdale, for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the Special Referee sustained the five charges of professional misconduct against the respondent. The respondent admitted all five charges. The petitioner moves to confirm the report of the Special Referee. The respondent moves to confirm in part and to disaffirm with respect to the Special Referee's finding that the roles which the mitigating factors played in the respondent's misconduct were "unclear".

Charge One alleged that the respondent engaged in conduct adversely reflecting upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3), and/or neglecting a legal matter entrusted to him by a client, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30), by failing to answer opposing counsel's discovery demands in a personal injury action which led to its eventual dismissal, and by failing to either refile the action or notify his client about the dismissal.

The respondent was retained by Regina Barone and her daughter Jeannette Moore in June 1990 to prosecute a personal injury action on a contingent fee basis on Ms. Barone's behalf, for injuries which she had sustained in April 1990. Although Ms. Barone signed authorizations for the release of her medical records in July 1990, the respondent made no attempt to actually obtain those records. The respondent served a summons and complaint in September 1990. In November 1990, the respondent received a discovery demand letter from defense counsel to which he failed to reply.

At no time thereafter did the respondent ever inform Regina Barone or Jeannette Moore of his failure to act. The respondent undertook no further action on Ms. Barone's behalf in the personal injury matter. He continued to ignore additional opportunities to answer defense counsel's discovery demands.

In January 1992, Ms. Barone's personal injury action was dismissed, based upon the respondent's failure to respond or further prosecute. The respondent failed to move to refile the summons or otherwise reopen the dismissal. Although the respondent was in frequent communication with Jeannette

Moore on unrelated matters from January 1992 through April 1993, he failed to ever advise Ms. Moore or Ms. Barone of the dismissal, the reasons therefor, or any remaining legal options available to Ms. Barone following the dismissal. In April 1993, the applicable Statute of Limitations expired, thereby precluding Ms. Barone from taking further legal action in the personal injury matter.

Charge Two alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit and misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3), by falsely representing to his client that the defendant's insurance carrier in a personal injury action brought on the client's behalf tendered a settlement and advising her to accept this settlement. The respondent paid the purported settlement out of his own funds. The matter had, in fact, been dismissed over one year earlier for failure to prosecute.

At or about the time the Statute of Limitations expired in the Barone matter, Jeannette Moore, unaware that the action had been dismissed and was time barred, began pressing the respondent about the status of the personal injury action. The respondent then falsely informed Moore that he had convinced the defendant's insurance carrier to offer a $5,500 settlement and advised her that Barone ought to accept it. No such offer was pending from any settlement negotiation at the time the respondent conveyed this offer to Ms. Moore. The respondent then prepared a counterfeit document purporting to be a general release in the personal injury matter which he had Ms. Barone execute and return to him.

Upon receipt of the release from Ms. Barone, the respondent withdrew $5,500 from his own personal savings in the form of a bank check payable to Ms. Moore and sent it to her. In fact, no settlement had ever been reached in the Barone matter. The respondent's false representations to Ms. Moore about the continued viability of the case and its nonexistent settlement offer, the counterfeit general release he had her sign, and the true source of the $5,500 in funds disbursed to her, constitute dishonest, fraudulent, and deceitful misrepresentations.

Charge Three alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit and misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3), by creating counterfeit documentation.

After the respondent remitted to Ms. Moore the $5,500 check, she demanded a copy of the insurance settlement check the respondent had purportedly received from the carrier. When the respondent failed to produce the copy, Ms. Moore examined the court file and learned that the matter had been previously dismissed. Ms. Moore then instructed the respondent to return the Barone file to her or to Ms. Barone. The respondent failed to do so. The respondent then withdrew an additional $4,500 from his savings account and sent it to Ms. Moore. He informed her that this second payment was from his own savings account and asked her to apply it towards the care of her mother.

Ms. Moore continued to insist that the file be returned and accused the respondent of having received more than the $5,500 which had been disbursed as part of the "settlement". The respondent then created and signed numerous counterfeit documents, including a "Stipulation Discontinuing Action," a letter from the respondent to the law firm of Wilson, Elser purportedly enclosing Barone's release, and a letter from a fictional Wilson, Elser associate named Harold Kaplan, who the respondent knew or should have known did not exist, purportedly enclosing the check for $5,500.

The respondent placed the counterfeit documents in the Barone file for the sole purpose of preventing his omissions and misrepresentations from being discovered by anyone else. He sent Ms. Moore a copy of the file with the counterfeit documents which he had created. The respondent's misrepresentations about the true reason behind the demise of the Barone matter, his creation of counterfeit documents to cover his role therein, and his conveyance of those counterfeit documents to Ms. Moore as part of her copy of his file constitute dishonest, fraudulent, and deceitful misrepresentations.

Charge Four alleged that the respondent violated 22 NYCRR 691.20 (a) (1) in that he failed to prepare a retainer statement in this matter for filing with the Office of Court Administration. Upon information and belief, no such retainer statement was ever signed or filed with the Office of Court Administration in the Barone matter.

Charge Five alleged that the respondent violated 22 NYCRR 691.20 (b) (1) in that he failed to prepare a closing statement for filing with the Office of Court Administration in this matter. Upon information and belief, no such statement has

ever been signed or filed with the Office of Court Administration in the Barone matter.

After reviewing the respondent's unequivocal admissions and the evidence adduced, we find that the Special Referee properly sustained all five charges of professional misconduct. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion is granted to that extent and otherwise denied.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances advanced by the respondent, including the death of a very close relative, the serious injury suffered by his father-in-law, his expressed remorse, his previously unblemished record, the wealth of character evidence submitted on his behalf, and the fact that he personally compensated his aggrieved client with his own funds. Under the circumstances, the respondent is suspended from the practice of law for a period of one year.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and FRIEDMANN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to confirm in part and disaffirm in part is granted to the extent that all five charges are sustained and the cross motion is otherwise denied; and it is further,

Ordered that the respondent, Ronald R. Laskorski, is suspended from the practice of law for a period of one year, commencing September 22, 1995, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the period of one year upon furnishing satisfactory proof (a) that during the one-year period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Ronald R. Laskorski, is commanded to desist and refrain (1) from practicing law in any form, either as

principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.